Jeremy M. Brown, Esq.
Epstein Becker & Green, P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 642-1900
jmbrown@ebglaw.com
*Attorneys for Defendant*
*ABM Aviation, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A. OLSSON,

                    Plaintiff,

        - against -

ABM TAXI DISPATCH LAGUARDIA AIRPORT,

                    Defendant.

Civ. Action No. 18-cv-

**NOTICE OF REMOVAL**

      **PLEASE TAKE NOTICE** that Defendant ABM Aviation, Inc. (incorrectly named as "ABM Taxi Dispatch LaGuardia Airport") ("Defendant" or "ABM") by and through its undersigned counsel hereby removes Civil Action Index No. 101190/18 from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, based upon the following:

**BACKGROUND**

1.     Plaintiff John A. Olsson, *pro se*, instituted an action against Defendant in the Supreme Court of the State of New York, New York County by serving a Summons and Verified Complaint ("Complaint") on September 7, 2018.  That action bears Civil Action Index No. 101190/2018. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as

Exhibit ("Ex.") A (hereinafter "Compl."). No motions or other papers have been filed, or are pending, in the Supreme Court action.

2. Defendant has not answered, moved or otherwise responded to the Complaint.

3. In the Complaint, Plaintiff, a union member, alleges that he was wrongfully discharged. Plaintiff does not seek relief under any statutes; rather, he requests that the court "make a fair and just ruling on [his] wrongful termination case." *See* Compl. at p. 6 ¶ 1. Since Plaintiff was a member of a union and subject to an extant collective bargaining agreement with a mandatory grievance and arbitration provision, his request for a determination of whether he was wrongfully discharged is "substantially dependent on analysis of a collective-bargaining agreement" and thus "completely preempted by Section 301 of the [Labor Management Relations Act]." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393-94 (1987).

4. The Supreme Court action is removable from the Supreme Court to this Court pursuant to 28 U.S.C. § 1441(a) because the Complaint raises claims under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

## TIMELINESS OF REMOVAL

5. The removal of this action is timely because it was accomplished within 30 days of the date on which Plaintiff served Defendant with a copy of the Complaint. 28 U.S.C. § 1446(b).

## VENUE

6. Under 28 U.S.C. § 1441(a), the United States District Court for the Southern District of New York is the proper venue for removal because it embraces the place where this action is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

## BASIS FOR REMOVAL

7. In the Complaint, Plaintiff seeks to challenge the validity of his discharge. When employed by ABM, Plaintiff was a member of Local 74, United Service Workers, IUJAT (the

2

"Union"). (Compl. at p. 15 (referencing an investigation by a Union representative)). ABM and the Union are parties to a collective bargaining agreement ("CBA") covering the terms and conditions of Plaintiff's employment. A copy of the CBA is attached as Ex. B.

8.      The Union is a labor organization within the meaning of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and the Labor Management Relations Act, 29 U.S.C. §185 ("LMRA").

9.      Defendant is an employer within the meaning of the NLRA, 29 U.S.C. § 152(2), and the LMRA, 29 U.S.C. §185.

10.     Article V of the CBA details the step-by-step grievance procedure required for addressing any disputes which may arise over the interpretation, application, or violation of the CBA. *See* Ex. B. at p. 5.

11.     Article VIII of the CBA details the procedure whereby discharged Union members can challenge their termination. See Ex. B at p. 8. Specifically, Section 4 provides that "[i]n the event that a discharged employee feels that he or she has been unjustly dealt with, the Union shall have the right to file a grievance with Employer within seven (7) business days from the time of discharge." *See* Ex. B at p. 9.

12.     Section 301 of the LMRA completely preempts a state law claim where the claim involves the interpretation and application of a collective bargaining agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *Foy v. Pratt & Whitney Grp.*, 127 F.3d 229, 233 (2d Cir. 1997). Section 301 of the LMRA provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in

controversy or without regard to the citizenship of the parties." As articulated by the Second Circuit, state law claims are preempted by Section 301 if they are "inextricably intertwined with consideration of the terms of [a] labor contract." *Wall v. Const. & General Laborers' Union, Local 230,* 224 F.3d 168, 178 (2d Cir. 2000). "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or [be] dismissed as pre-empted by federal labor-contract law." *Vera v. Saks & Co.,* 335 F.3d 109, 114 (2d Cir. 2003) (quoting *Allis-Chalmers Corp.,* 471 U.S. at 211).

13.    Plaintiff's Complaint is preempted because the allegations regarding his alleged wrongful discharge are expressly governed by the terms of the CBA, which must be interpreted to determine any merit to those claims.  Any such determination is "substantially dependent" on the terms of the CBA, and accordingly, it must be treated as a § 301 claim. *See Vera,* 335 F.3d at 114.  In asserting that ABM wrongfully discharged him, Plaintiff is alleging a breach of the CBA, and thus, raising traditional labor disputes under the CBA concerning the collectively-bargained terms and conditions of his employment.

14.    Plaintiff does not assert his claims under any state or federal statutes.  Although Plaintiff makes reference to an alleged hostile work environment, his Complaint consists only of allegations relating to disputes he had with his coworkers and what he refers to as "work-related issues" which are not covered by any state or federal laws, rather, the resolution of these alleged issues are also covered exclusively by the CBA.  Specifically, Plaintiff refers to a "verbal altercation" with a coworker, which he claims led to his discharge (Compl. at p. 7, ¶ 6), other "verbal disputes" with various other taxi dispatchers (Compl. at p. 8, ¶ 7; p. 11, ¶¶ 1, 2, 3 ), "work related issue[s]" relating to another employee alleged "abandon[ing] her post without

4

telling anyone" (Compl. at p. 8, ¶ 7), and employees violating various "work rules." (Compl. at p. 12, ¶ 9; p. 13-14).

15.     Additionally, in the Complaint, Plaintiff references an investigation by his "union rep." (Compl. at p. 15).   Plaintiff's Complaint, therefore, on its face constitutes an admission that because he was represented by the Union, the CBA governs his claims.   Thus, the LMRA governs Plaintiff's disputes, preempts state law, and provides the basis for removal.

<strong><u>PROCEDURAL COMPLIANCE</u></strong>

16.     Written notice of the filing of this Notice of Removal will be served on Plaintiff (who is proceeding *pro se*) and a copy of this Notice will be filed with the Clerk of the Supreme Court of New York, New York County, as required by 28 U.S.C. § 1446(d).

<strong><u>MISCELLANEOUS ISSUES</u></strong>

17.     By filing this Notice of Removal, Defendant does not waive any defense that may be available to it, including, but not limited to, the right to assert any defenses and/or objections to which it may be entitled.

**WHEREFORE**, Defendant hereby removes the above-captioned action now pending in the State Supreme Court of the State of New York, New York County,

Dated: New York, New York          EPSTEIN BECKER & GREEN, P.C.
           September 26, 2018

By:  /s/ *Jeremy M. Brown*

Jeremy M. Brown, Esq.
One Gateway Center
Newark, New Jersey 07102
(973) 642-1900
jmbrown@ebglaw.com
*Attorneys for Defendant*
*ABM Aviation, Inc.*

5