RECEIVED
SDNY PRO SE OFFICE
2018 DEC -4  PM 12: 17
S.D. OF N.Y.

Case #: 1:18-cv-08815-PGG

John A. Olsson
239 West 10th St.  Apt. 2B
N.Y., N.Y. 10014
email: johnalbertolsson@gmail.com
tel: 917-282-9558

VS

ABM Aviation/ABM Taxi Dispatch Services
La Guardia Airport
Hangar 7 Building South Wing
2nd Fl.  Suite 230
Flushing, N.Y. 11371
718-533-4016 or 917-382-5490

November 26, 2018

I would like to request that the Honorable Judge Paul G. Gardephe deny ABM Aviation/ABM Taxi Dispatch @ LGA, their motion to dismiss my case.

I believe my case has validity and substantial merit since the issues raised allows the parties involved to re-evaluate the procedures, or the lack of it, the internal obstructions, and the racist double standards practiced by certain black supervisors in protecting certain black workers who violate set work rules and standards. It would be beneficial to the Port Authority of New York/New Jersey, LaGuardia Airport, and ABM management to be aware of these issues since it does pertain to operations, and ultimately passenger safety and wellbeing.

When I was working hard to meet the standards expected of taxi dispatchers by LGA, an ABM supervisor told me in one of our discussions that, "At ABM, you could do a hundred things right, and one thing wrong, yet they will hang you for that one bad thing, yet on the other hand, someone could do a hundred things wrong and one thing right, and they will exalt him/her for just that one thing." Such prophetic words could not be more applicable than to my case, where I never received a single written warning, yet when I was provoked and insulted by a black co-worker, and I responded with equal directness, I was terminated, yet if we look at the number of violations and written warnings made against my detractors, there would be enough of a long list - "enough to fill a folder", as the previous HR manager informed me.

I believe that the managers and supervisors at ABM LGA Taxi Dispatch failed to address my first written complaint within reasonable time, which allowed tensions and misunderstandings to fester, and culminated into the final altercation where I was terminated.

My first written complaint against Ruben Baptiste, a black dispatcher, was made sometime around October of 2017, concerning the work procedure of having the cabs put their medallion lights on when entering the passenger pick up area, as required by law, which either through laziness or complacency, was ignored. It was a safety issue that eliminated confusion, which was I believe was crucial to passenger safety. My statement concerning work production safety procedures was turned into a personal gripe with a racial undercurrent. The managers/supervisors at ABM failed to address any aspects of this altercation, yet Baptiste was creating animosity among other black dispatchers towards me.

That eventually led to the verbal confrontation and exchange of insults in an incident which occurred around December of 2017, with Devonte Beekman, a narcissist and someone who exemplified the 'ghetto mindset' of vulgarity and defiance. The managers at ABM did nothing to address our differences. It was during this incident that I told Supervisor Glenda that in a workplace, one group of people should not be allowed to use the 'N' word, (which Devonte used prolifically), while denying another person that same equal right and freedom of speech, if spoken in justifiable context. By denying someone, yet allowing others to use the 'N' word created an inequity, which gave the person using the 'N" an advantage to create a minefield in provoking the other person to use it also, which happened in my case. The managers and supervisors at ABM did nothing to correct this issue thereafter, but it was my position that no one should be allowed to use the 'N' word in the workplace. It should be noted that I never used the 'N' word against Ruben Baptiste since I never heard him use it himself.

The subsequent 2 complaints I wrote up against Brandi Carlo was over work procedures that again were turned into personal verbal insults and confrontations, which the managers/supervisors at ABM did nothing about. In the fourth written complaint, I had to use exclamation marks to bring a sense of urgency to have a meeting to resolve these issues concerning work procedures that were consistently being twisted into personality issues and hostilities.

I have requested a copy of each of these complaints which will validate my case and the truth to what I have stated, but the legal counsel for ABM has so far denied me the copies.

It should be stated that as a dispatcher, I issued over 50 summons to taxi cabs making illegal pick-ups, yet not one was properly processed by the supervisors or managers at ABM which was reflective of their 'do nothing' policy. It should be stated for the sake of better operations at LGA, writing these summons was to discourage cab drivers from making illegal pickup of passengers which contributed, if not created, the long traffic congestions LGA was notorious for. It was also unfair to cab drivers who followed the rules and proper procedures.

I have requested a copy of the illegal summons I had written and submitted to the supervisors at ABM, but they have not been able to produce a single copy. It should be stated that after my termination at ABM aviation, I proceeded to look for work in the hotel business. When I applied to TLC Outsourcing, a job placement company, they called ABM for a reference, and supervisor Naomi, a black supervisor who is friends with my nemesis, Devonte Beekman, stated that I was a racist and should not be hired. I was thus denied an opportunity to work, which the recruiting officer informed me of what had transpired. I will be able to produce the names and verify my statements when the time comes, but the ramifications of ABM supervisor Naomi reverse racism and bias improper comments, taken out of proper context, has been a detriment to me and my family's financial wellbeing. I will ask the courts in due time to increase the award and damages accordingly since that negative slanderous referral has had an indirect presence to my work, even to this day.

It should be stated that I have respect for all people until they behave in a condescending and vulgar manner which justifies any mistrust and grievances I may develop towards them.

For the sake of fairness and justice, I ask the Honorable Judge Gardephe that my case proceed, with due process, where a fair judgement can be rendered with the facts presented, so that all parties may benefit from such proceedings and evaluations.

Stated with Honesty

John Olsson

I would like to submit a copy of an email sent to me by the manager at ABM/LGA who gave me the information as to how I should file my case. It seems that ABM counsel is trying to place error on my proceeding with this note of using the wrong company name. Once again, it is indicative of ABM's right hand not knowing what the left hand is saying or doing.

I would like request the court that any dates for hearings and scheduling on my case be made for Wednesdays, preferably early afternoon, since it is one of my days off from work, and I can work around that day being set for my court dates. Thank you very much for such considerations.

## Mailing address

Inbox

**Muhammad Abrar <Muhammad.Abrar@abm.com>**  Aug 1, 2018, 3:59 PM

to me

Hi John,

I received your request, you are inquire about the mailing address of our office. Please see below

**ABM Taxi Dispatch Services**
LaGuardia Airport
Hanger 7 Building, South Wing
2nd Floor Suite 230,
Flushing, New York 11371

Thanks,


*Muhammad Abrar*
**General Manager**
LaGuardia Airport | Port Authority Bus Terminal

**ABM | Aviation**
LaGuardia Airport
Hanger 7 Building, South Wing
2nd Floor Suite 230, Flushing, New York 11371
Office : 917-382-5490 | Cell : 973-735-8871
muhammad.abrar@abm.com | www.abm.com / Aviation

ABM.  Building Value.